PRO-COMP MANAGEMENT, INC. d/b/a The Right Solutions, an Arkansas Corporation, The D.L.J. Wright Industry, Inc. d/b/a The Right Solutions, an Oklahoma Corporation, and Amedistaff, LLC, d/b/a The Right Solutions, a Delaware Corporation *v.* R.K. ENTERPRISES, LLC, d/b/a Nationwide Nurses, a Nevada Corporation, Katherine Hefley, an Individual, Mary Burks, an Individual, Traca Lane, an Individual, and Raymond Hefley, an Individual

05-459                                           225 S.W.3d 389

Supreme Court of Arkansas
Opinion delivered January 26, 2006

*Gilker & Jones*, by: *Paul Alvin Gilker*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Herman Ivester*, for appellee.

PER CURIAM. Appellants, Pro-Comp Management, Inc., The DLJ Wright Industries, Inc., and Amedistaf, each doing business as The Right Solutions (collectively referred to as TRS), appeal the judgment of the Washington County Circuit Court in favor of appellees, R.K. Enterprise, LLC, d/b/a Nationwide Nurses, Katherine Hefley, Mary Burks, Traca Lane, and Raymond Hefley (collectively referred to as Nationwide). This is the second appeal of this case involving the issue of damages under the Arkansas Trade Secrets Act (ATSA), codified at Ark. Code Ann. § 4-75-601 et seq. (Repl. 2001). In the first appeal, we reversed and remanded the case to the circuit court for a determination of damages under the statutory provisions of the ATSA. *See R.K. Enterprise, LLC v. Pro-Comp Management, Inc.*, 356 Ark. 565, 158 S.W.3d 685 (2004). Upon remand, the parties submitted briefs to the circuit court regarding the assessment of damages. Further, the parties presented arguments regarding damages at an October 4, 2004, hearing before the circuit court. The circuit court awarded no damages for TRS and entered judgment in favor of Nationwide. TRS now appeals, arguing several points for reversal.

We do not reach the merits of TRS's arguments on appeal because of its failure to supply this court with a sufficient brief. First, TRS's abstract of the October 4 hearing on damages is insufficient. The transcript of the hearing consists of fifty-seven

pages, while TRS's abstract of the hearing consists of a mere three-and-one-half pages. Arkansas Supreme Court Rule 4-2(a)(5) provides that an appellant's abstract should consist of an impartial condensation of "material parts of . . . colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision." On appeal, TRS argues that the circuit court (1) exceeded its jurisdiction on remand when it reversed its judgment for TRS and entered judgment for Nationwide; (2) erred in failing to award TRS damages under the ATSA; and (3) erred in failing to award TRS attorney's fees and costs following remand. A review of the record reveals that counsel for both TRS and Nationwide engaged in several colloquies with the circuit court concerning these arguments that are now raised on appeal; however, those colloquies are not included in the abstract. In order to understand the questions presented to this court on the issue of damages, we must be provided with a sufficient abstract of the October 4 hearing. It is a practical impossibility for seven justices to examine the single transcript filed with this court, and we will not do so. *See City of Dover v. City of Russellville*, 351 Ark. 557, 95 S.W.3d 808 (2003).

■ Second, TRS's addendum does not contain the following pleadings: (1) Plaintiffs' Brief on the Assessment of Damages Following Remand; (2) Defendants' Brief on Remand; and (3) Plaintiffs' Reply to Defendants' Brief on Remand. Arkansas Supreme Court Rule 4-2(a)(8) requires that the addendum shall include true and legible photocopies of, among other things, the relevant pleadings that are essential to an understanding of the case and the court's jurisdiction on appeal. In the absence of the pleadings on which the circuit court based its decision, it is impossible for this court to make an informed decision on the merits of this case.

Pursuant to Ark. Sup. Ct. R. 4-2(b)(3), we find that the abstract and addendum are deficient, and TRS is granted fifteen days from the date of the entry of this order within which to file a substituted brief that contains a revised abstract and addendum. If TRS fails to file a complying, substituted brief within the prescribed time, the judgment may be affirmed for noncompliance with the Rule. *See id.* After service upon Nationwide of the substituted brief, Nationwide shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk or to rely upon the brief it previously filed in this appeal. *See id.*